## Case No. 5,079.

### Ex parte FREEDLEY et al.

[Crabbe, 544.] 1

District Court, E. D. Pennsylvania. July 6, 1844.

Tilghman and Sergeant, for the navigation company.

Mulvany and Mallery, for Freedley and Wood, and for assignees.

1 [Reported by William H. Crabbe, Esq.]

Mr. Tilghman, for the navigation company.

Mr. Mulvany, for Freedley and Wood.

Mr. Sergeant, for the navigation company, in reply.

RANDALL, District Judge. On the 3d June, 1842, Eckel, Spangler, and Raiguel, Ludwick and Kneedler, and Frederick Liebrandt, filed their petition in this court, setting forth that they were creditors of Freedley and Wood, of Montgomery county, to an amount exceeding five hundred dollars, and praying the court, for the causes therein stated, to declare the said Freedley and Wood bankrupts. The court appointed Monday, the 11th July, 1842, to hear the application; and appointed a commissioner to take testimony in support of the allegations contained in the petition. On the 15th July, 1842, no answer to the petition having been filed, or any testimony returned, the petitioners applied for, and obtained, leave to discontinue the proceedings; the respondents having, on the 28th June, 1842, executed a voluntary assignment to S. L. Kirk and Wm. C. Ludwick, reciting the proceedings in bankruptcy, and "a desire to deliver up to trustees all their property, real and personal, to be distributed as provided for in the bankrupt law." The assignees were both bonâ fide creditors of Freedley and Wood, which firm was insolvent, though each of the partners, in his individual capacity, was entirely solvent.

The assignees, having accepted, proceeded to execute the trust, and made sales of valuable real estate of the individual members as well as the joint property of the firm. Their accounts were, in due time, filed in the court of common pleas of Montgomery county, and referred to an auditor for distribution. The Schuylkill Navigation Company appeared before the auditor, and claimed the sum of $1066.66, due to them by Freedley in his individual capacity, at the time of the assignment. It was objected before the auditor that the assignment contained a proviso that no creditor should be allowed any share of the assets or estate, thereby assigned and transferred, who did not hand in his claim to the assignees within three months from the execution of the assignment, and also execute an agreement covenanting to deliver a full and absolute release to the assignees, on receiving his share of the estate assigned, and that this had not been done by the navigation company. The auditor, for reasons stated in his report, allowed the claim of the company. To this allowance exceptions were filed by the assignees, and, on the 21st December, 1843, the court of common pleas sustained the exceptions, which decision was subsequently affirmed by the supreme court. On the 28th of December, 1843, the navigation company presented their petition to this court, setting forth the proceedings in bankruptcy and the assignment, and praying a rule upon the assignees, and upon Freedley and Wood, to show cause why the discontinuance should not be stricken off, and the proceedings re-opened.

In answer to the rule, it is, among other things, objected, that the Schuylkill Navigation Company were not parties to the original proceedings, and they cannot, therefore, compel a prosecution of that petition against the will of the petitioners; and, also, that

this application comes too late to be granted by the court. I think there is no weight in the first objection. The application of a creditor to have his debtor decreed a bankrupt, in invitum, enures to the benefit of all the creditors, any of whom may come in and prosecute the application, if he thinks proper. If it were not so, each creditor to the requisite amount might present a separate application, and each prosecute his own, if successful, at the expense of the estate, fearing that the first petitioner might compromise with the debtor, or, by collusion, neglect to prosecute his application. But a creditor seeking to come in and prosecute, must do so within a reasonable time, and not, as in the present instance, upwards of seventeen months after the proceedings have been discontinued, after the law under which they were commenced has been repealed; and after having claimed, in the state courts, under the very assignment which is now sought to be invalidated. This last fact alone, might perhaps be a bar to the present application. Ex parte Shaw, 1 Madd. 598.

It has been urged that the purchasers of the real estate are interested in the decision of this question, and that, as they have paid their money on the faith of the decision of this court discontinuing the proceedings, they should be protected. It is certain that it would be attended with much danger if the security of titles founded on judicial proceedings could be invaded by the exercise of an arbitrary and uncontrolled discretion of the courts over their own records. Catlin v. Robinson, 2 Watts. 380. But I apprehend that all acts performed under the judgment of a court of competent jurisdiction are, as to most third persons, perfectly valid. Thus a purchaser at a sheriff's sale under an execution, issued upon a judgment erroneously or fraudulently obtained, cannot be compelled to relinquish the property, even though the judgment be afterwards reversed. Sims v. Slacum, 3 Cranch [7 U. S.] 300.

The titles of the purchasers, however, do not, in my opinion, depend upon the decision of this motion. If the assignment is not in opposition to the provisions of the bankrupt law, then, according to Dudley's Case [Case No. 4,114], and the Anonymous Case [Case No. 467], the debtor had a right to make an assignment, without preference, to a bonâ fide creditor without notice, at any time before a decree of bankruptcy. If, however, the proviso in the assignment, requiring a presentation of claim within three months, and a covenant to release on receiving a share of the estate, gives a preference to any creditor or class of creditors, over the others, then it is an objection apparent on the face of the title, of which the purchaser was bound to take notice, and, under such circumstances the assignees could convey no title. Whether there be such a preference it is not necessary for me, at this time, to give an opinion. It may not, however, be improper to refer the parties to the Cases of Aspinwall [Case No. 592] and J. B. Bowen [unreported], decided by the circuit court of this district, an examination of which may lead to an amicable settlement of this controversy on just and equitable terms. Upon the ground that the application comes too late, the rule is discharged.